# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| BILL PRIM, Sheriff of McHenry County, Illinois, BRIAN E. VANVICKLE, Sheriff of Ogle County, Illinois, DAVID SNYDERS, Sheriff of Stephenson County, Illinois, and MIKE DOWNEY, Sheriff of Kankakee County, Illinois, <br><br>    Plaintiffs, <br><br>  v. <br><br>KWAME RAOUL, in his official capacity as the Attorney General of Illinois, <br><br>    Defendant. | Civil Action No. 20 CV 50094 <br> Judge Philip G. Reinhard <br> Magistrate Judge Lisa A. Jensen |

## ILLINOIS ATTORNEY GENERAL'S MEMORANDUM
## IN SUPPORT OF HIS MOTION TO DISMISS

Date: June 18, 2020

Christopher G. Wells
*Chief, Public Interest Division*
Kathryn Hunt Muse
*Deputy Chief, Public Interest Division*
Hannah Y. Jurowicz
*Assistant Attorney General*
Office of the Illinois Attorney General
100 W. Randolph St.
Chicago, IL 60601
(312) 814-3000
cwells@atg.state.il.us
kmuse@atg.state.il.us
hgroschjurowicz@atg.state.il.us

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................... 1

BACKGROUND ...................................................................................................................... 2

STANDARD OF REVIEW ...................................................................................................... 4

ARGUMENT ............................................................................................................................ 4

I.    The TRUST Act does not require the Sheriffs to violate federal law. ................................ 4

     A.   Federal regulation defines an immigration detainer as a request. .............................. 5

     B.   Federal case law confirms that an immigration detainer is a request. ........................ 6

     C.   By following state law prohibiting detention solely based on a detainer request, the Sheriffs do not violate federal law. ............................................................................. 9

II.   Rule 12(b)(1) requires dismissal because the Sheriffs lack both standing and an enforceable federal right. ..................................................................................................... 10

     A.   The Sheriffs have no constitutional standing. ........................................................... 10

         1.   The Sheriffs have failed to allege an injury in fact. ............................................ 10

         2.   The Sheriffs cannot create standing by choosing to violate state law. ................ 12

     B.   The Sheriffs lack an enforceable federal right. .......................................................... 12

III.   Alternatively, the Court should dismiss the complaint as non-justiciable. ........................ 14

CONCLUSION ....................................................................................................................... 15

**INTRODUCTION**

Plaintiffs are four county sheriffs in Illinois ("Sheriffs") who ask this Court to strike down a state statute, the TRUST Act, 5 ILCS 805/1 *et seq.*, that prohibits them from detaining individuals solely on the basis of a request (called a "detainer") from federal immigration officials. The Sheriffs' lawsuit rests on a false premise: they claim that the TRUST Act forces them to choose between complying with state law or complying with federal law. The Sheriffs are wrong as a matter of law. There is nothing in the TRUST Act that requires the Sheriffs to violate federal law.

In reality, the Sheriffs have filed this case because they *want* to aid in federal immigration enforcement by detaining individuals at the request of the federal government, even when state law provides no basis for the detention. But the Illinois General Assembly, through the TRUST Act, has decided that state and local law enforcement resources cannot be used in this manner. That policy choice is one that Illinois is free to make as a separate sovereign from the federal government. The Tenth Amendment to the United States Constitution, and the anti-commandeering principle grounded in that provision, recognize and preserve Illinois' right to decline participation in the federal government's immigration enforcement efforts.

The Sheriffs clearly do not like the policy choice Illinois has made in the TRUST Act. But the Sheriffs' disagreement with Illinois' policy choice does not give them a basis to sue. To the contrary, the Sheriffs have alleged no violation of a federal right or a redressable injury of any kind. Although the Sheriffs may wish to serve as auxiliaries of federal immigration agencies, they have neither an obligation nor a right to do so.

Because the Sheriffs' complaint fails to state a claim or even to establish standing sufficient for federal subject matter jurisdiction, it should be dismissed with prejudice.

## BACKGROUND

### The TRUST Act and Federal Detainer Requests

The Illinois TRUST Act took effect on August 28, 2017. The TRUST Act prohibits state and local law enforcement officials from detaining or "continu[ing] to detain any individual solely on the basis of any immigration detainer or non-judicial immigration warrant." 5 ILCS 805/15(a). An "immigration detainer" is "a document issued by an immigration agent that is not . . . ordered by a judge" that "requests a law enforcement agency . . . to provide notice of release or maintain custody of a person." 5 ILCS 805/10.

Under the TRUST Act, communication with federal immigration officials is permitted, 5 ILCS 805/5 and 805/15(c), but holding persons based solely on a detainer without a judicial warrant is not. 5 ILCS 805/15(a). The TRUST Act does not include penalties and instead provides "immunity from any civil or criminal liability" for local law enforcement who act "in good faith in compliance with [the Act] who release[] a person subject to an immigration detainer[.]" 5 ILCS 805/15(d).

### Related Litigation

In October 2019, private plaintiffs sued Sheriffs David Snyders and Brian E. VanVickle in parallel suits in state court, alleging that Snyders and Van Vickle detained the plaintiffs in violation of the TRUST Act, the Illinois Constitution, and state common law. *Rodriguez v. VanVickle*, No. 2019-CH-81 (Cir. Ct. Ogle County, Oct. 17, 2019) ("*Rodriguez*"); *Castillo v. Snyders*, No. 2019-CH-67 (Cir. Ct. Stephenson County, Oct. 23, 2019); Compl. ¶¶ 56-57.

On November 22, 2019, Sheriff Snyders removed to the Northern District of Illinois, asserting the defense of federal preemption as a purported basis for federal jurisdiction. *Castillo v. Snyders*, No. 19-CV-50311 (N.D. Ill.) (Durkin, J.) ("*Castillo*"), at ECF No. 1. Sheriff Snyders then moved to dismiss the complaint against him, arguing the TRUST Act is preempted by federal law.

*Id.* at ECF No. 11. Under Federal Rule of Civil Procedure 5.1, he notified the Illinois Attorney General that he was challenging the constitutionality of the TRUST Act, *id.* at ECF No. 16, and the Attorney General intervened for the purpose of defending the state statute. *Id.* at ECF No. 27. The private plaintiff moved to remand, *id.* at ECF No. 18, and on March 16, 2020, the parties completed briefing on the question of whether Sheriff Snyders' preemption defense is "colorable" and permits federal jurisdiction for that action.

On January 13, 2020, Sheriff Prim filed an action in the Circuit Court for the 22nd Judicial Circuit Court, McHenry County, against his State's Attorney, Patrick D. Kenneally. *Prim v. Kenneally*, No. 20 MR 39 (Cir. Ct. McHenry County, Jan. 13, 2020) (the "McHenry Case"). Sheriff Prim sought permission to have private counsel from Barnes & Thornburg LLP appointed as a special assistant state's attorney so that Sheriff Prim could sue the Attorney General in federal court to challenge the TRUST Act. *See* ECF No. 8, Mot. to Intervene, ¶ 2. According to State's Attorney Kenneally's motion to intervene in this case, he had declined to spend county resources to challenge the TRUST Act because he concluded that Sheriff Prim lacked standing, likely lacked a private cause of action, and "case law weighs against the Sheriff's position." *See* ECF No. 8-1, Ex. C, at 8–11. State's Attorney Kenneally moved to dismiss Sheriff Prim's complaint in the McHenry Case. Rather than wait for judicial resolution, while the motion was still being briefed, Sheriff Prim filed this action against the Attorney General through private counsel.

## This Action

On March 9, 2020, Sheriffs Prim, Snyders, VanVickle, and Downey filed this action through private counsel against the Attorney General, seeking an order enjoining him from enforcing the TRUST Act and declaring the statute invalid. On March 25, 2020, State's Attorney Kenneally moved to intervene, requesting that either Sheriff Prim be removed as a plaintiff, or that

3

the matter be stayed, until the McHenry Case is resolved. ECF No. 8. The Attorney General now moves to dismiss the Sheriffs' complaint with prejudice.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion, a court must construe all factual allegations as true, but a court need not accept legal conclusions or conclusory allegations. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 680–82 (2009)). A plaintiff must also have standing to sue and a basis for federal subject matter jurisdiction; the absence of either requires dismissal under Rule 12(b)(1). The Sheriffs bear the burden of establishing standing and subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

## ARGUMENT

The Sheriffs' complaint fails to state a claim upon which relief can be granted and fails to meet their burden of establishing standing and federal subject matter jurisdiction. Both defects stem from a common source: the Sheriffs' legally erroneous contention that the TRUST Act requires them to choose between violating federal law or state law. It does not. By following the TRUST Act, the Sheriffs do not violate federal law. As a result, they lack both a plausible claim for relief and a basis for federal subject matter jurisdiction. Their complaint should be dismissed with prejudice under Rules 12(b)(1) and 12(b)(6).

**I.    The TRUST Act does not require the Sheriffs to violate federal law.**

The premise of the Sheriffs' complaint is that the TRUST Act "forc[es] them to choose between obeying federal immigration detainers or complying with the state statute." Compl. ¶ 52. They ask that this Court declare that the TRUST Act "is preempted by federal law" and enjoin the Attorney General from enforcing the TRUST Act against them. Compl., Counts I & II. But the

Sheriffs' premise is wrong as a matter of law: federal immigration detainers are requests, not mandates. In fact, treating federal immigration detainers as mandatory would violate federal law as reflected in the Tenth Amendment and the related anti-commandeering principle. *See Printz v. United States*, 521 U.S. 898, 935 (1997); *accord Murphy v. NCAA*, 138 S. Ct. 1461 (2018). Because federal immigration detainers are, as a matter of federal law, requests, Illinois is free to decline those requests, as it has done through the TRUST Act. The Sheriffs' attempt to invalidate the TRUST Act based on federal preemption fails as a matter of law. The complaint should be dismissed under Rule 12(b)(6).

### A. Federal regulation defines an immigration detainer as a request.

Federal law makes clear that immigration detainers are requests. Federal regulation defines an immigration detainer as follows:

> (a) Detainers in general. . . . A detainer serves to *advise* another law enforcement agency that the Department [of Homeland Security] *seeks* custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien. **The detainer is a request** that such agency advise the Department, prior to release of the alien, in order for the Department to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible.

8 C.F.R. § 287.7(a) (emphasis added). As this regulation plainly states, a "detainer is a request"—it is not a mandate.

The Sheriffs' complaint misleadingly and incompletely quotes subpart (d) of this regulation to suggest that it "incorporates mandatory language" that requires the Sheriffs to comply with a federal immigration detainer. Compl. ¶¶ 24–26. Subpart (d) states in full:

> (d) Temporary detention at Department request. Upon a determination by the Department to issue a detainer for an alien not otherwise detained by a criminal justice agency, such agency shall maintain custody of the alien for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays in order to permit assumption of custody by the Department.

8 C.F.R. § 287.7(d). The Sheriffs contend that the use of the word "shall" in this subpart converts all detainers into mandatory obligations on state law enforcement agencies that receive them. Compl. ¶¶ 24–26. But this interpretation would render meaningless the definition of a detainer in subpart (a) that makes clear that a detainer is "a request," not a mandate. *See Maine Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1323 (2020) (stating that courts avoid interpretations of a statute that "render[] superfluous another portion of that same law") (internal citations and quotations omitted). The Sheriffs' interpretation also ignores the title of subpart (d), which reaffirms that a detainer is a "request" by the federal government.

Read in the context of the regulation as a whole, as it must be, the word "shall" in subpart (d) refers to how long a law enforcement agency choosing to honor a detainer request may continue the detention: up to 48 hours, excluding weekends and holidays. *See United States v. Atlantic Research Corp.*, 551 U.S. 128, 135 (2007) ("Statutes must be read as a whole.") (internal citations and quotations omitted). By imposing this time limit, subpart (d) seeks to ensure that state and local enforcement agencies do not exceed the 48-hour period of presumptively reasonable warrantless detention established in *County of Riverside v. McLaughlin*, 500 U.S. 44, 57 (1991). Insisting that state and local law enforcement follow federal constitutional limits on prolonged detention when acting on a detainer request is a far cry from ordering them to "obey" the detainer request in the first place. Compl. ¶ 52. Thus, subpart (d) does not and cannot alter the unambiguous statement in subpart (a) that a detainer is "a request."

### B. Federal case law confirms that an immigration detainer is a request.

Federal courts have repeatedly recognized that an immigration detainer is a request, not a mandate. For example, in *Galarza v. Szalczyk*, 745 F.3d 634 (3d Cir. 2014), the Third Circuit rejected the Sheriffs' interpretation of 8 C.F.R. § 287.7(d).

6

Noting that subpart (a) "generally defines a detainer as a 'request,'" the Third Circuit concluded that "it is hard to read the use of the word 'shall' in the timing section [subpart (d)] to change the nature of the entire regulation." *Galarza*, 745 F.3d at 640. In addition to relying on the plain text of the regulation cited to reject the interpretation the Sheriffs push for in this case, the Third Circuit also offered three additional reasons why this interpretation is wrong:

> [E]ven if we credit that the use of the word 'shall' raises some ambiguity as to whether detainers impose mandatory obligations, this ambiguity is clarified on numerous fronts. First, no U.S. Court of Appeals has ever described ICE detainers as anything but requests. Second, no provisions of the Immigration and Nationality Act ('INA'), 8 U.S.C. § 1101 *et seq.*, authorize federal officials to command local or state officials to detain suspected aliens subject to removal. Lastly, all federal agencies and departments having an interest in the matter have consistently described such detainers as requests.

*Id.* The *Galarza* court then collected decisions from five other federal circuits—the First, Second, Fourth, Fifth, and Sixth—that all characterized immigration detainers as requests, not mandates. *Id.* at 640–41 (citing *United States v. Female Juvenile, A.F.S.*, 377 F.3d 27, 35 (1st Cir. 2004); *Liranzo v. United States*, 690 F.3d 78, 82 (2d Cir. 2012); *United States v. Uribe-Rios*, 558 F.3d 347, 350 n.1 (4th Cir. 2009); *Giddings v. Chandler*, 979 F.2d 1004, 1105 n.3 (5th Cir. 1992); *Ortega v. U.S. Immigration & Customs Enforcement*, 737 F.3d 435, 438 (6th Cir. 2013)). Accepting the Sheriffs' interpretation of 8 C.F.R. § 287.7(d) would require this Court to disregard the view of six separate federal circuits that detainers are requests, not mandates.

As *Galarza* also demonstrates, treating an immigration detainer as mandatory would make 8 C.F.R. § 287.7(d) unconstitutional under the Tenth Amendment and the anti-commandeering principle. Under the Tenth Amendment and the anti-commandeering principle, "immigration officials may not order state and local officials to imprison suspected aliens subject to removal at the request of the federal government. Essentially, the federal government cannot command the government agencies of the states to imprison persons of interest to federal officials." *Galarza*,

7

745 F.3d at 643. The basis of the Sheriffs' complaint is that the detainers are such a command. *See* Compl. ¶ 25 (alleging that 8 C.F.R. § 287.7(d) "requires compliance with a detainer issued against an undocumented alien"). In addition to the lack of textual support for their argument, the Sheriffs rely on an interpretation of 8 C.F.R. § 287.7(d) that would make it unconstitutional. For this additional reason, the basis of the Sheriffs' complaint must be rejected as a matter of law.

The reasoning in *Galarza* has been adopted in this district by Judge Dow in *Villars v. Kubiatowski*, 45 F. Supp. 3d 791, 802 (N.D. Ill. 2014). In addition to agreeing with the Third Circuit's conclusion that treating detainers as mandates would violate the Tenth Amendment, Judge Dow further observed that the detainer at issue in that case "self-identifies as a 'request,' a clarification that [the Department of Homeland Security ("DHS")] added to the detainer form in 2010 when the agency also removed any mention of the word 'require' from the form." *Id*. (citing *Galarza*, 745 F.3d at 643). Notably, the Sheriffs did not attach any detainers to their complaint, but the Court may take judicial notice of the standard detainer form used by DHS, which continues to "self-identif[y]" as a "request."[1]

To review: the very federal regulation that the Sheriffs cite defines a detainer as a "request"; numerous federal courts have confirmed that a detainer is a request; the Third Circuit has rejected the argument the Sheriffs advance here to suggest otherwise; a court in this district has agreed with the Third Circuit; and the federal detainer "self-identifies" as a request. All of this confirms that federal law does not and cannot compel the Sheriffs to honor detainer requests.

---

[1] Department of Homeland Security, Form I-247A, Immigration Detainer – Notice of Action, https://www.ice.gov/sites/default/files/documents/Document/2017/I-247A.pdf (last visited June 17, 2020) ("It is therefore ***requested*** that you . . . Maintain custody of the alien for a period not to exceed 48 hours . . . .") (emphasis added). On a motion to dismiss, courts may consider documents "if they are referred to in the plaintiff's complaint and are central to his claim." *See Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 895 (7th Cir. 2018) (internal citations and quotations omitted); Fed. R. Evid. 201.

### C. By following state law prohibiting detention solely based on a detainer request, the Sheriffs do not violate federal law.

The General Assembly has decided as a matter of Illinois law that state and local law enforcement officers, including the Sheriffs, may not act on detainer requests from the federal government. While the Sheriffs may chafe at what the General Assembly has instructed, their dislike for the TRUST Act and desire to aid federal immigration officials is not a basis for invalidating a duly enacted state statute on the basis of preemption.

The Seventh Circuit has said that "[t]he choice as to how to devote law enforcement resources—including whether or not to use such resources to aid in federal immigration efforts—[is] traditionally . . . left to state and local authorities." *City of Chicago v. Sessions*, 888 F.3d 272, 282 (7th Cir. 2018). Other federal courts across the country have agreed and upheld the right of states to do what Illinois has done and decline participation in federal immigration efforts. *See, e.g.*, *Oregon v. Trump*, 406 F. Supp. 3d 940, 972 (D. Or. 2019) ("Although a state or locality's decision to refrain from assisting in federal enforcement may frustrate the efforts of immigration authorities, standing aside does not equate to standing in the way.") (internal quotations omitted); *United States v. California*, 921 F.3d 865, 889 (9th Cir. 2019). As the Ninth Circuit held in *California*, "[f]ederal law provides states and localities the *option*, not the *requirement*, of assisting federal immigration authorities." 921 F.3d at 889. By enacting the TRUST Act, the General Assembly "simply makes that choice for [Illinois] law enforcement agencies." *Id.*

While the Sheriffs apparently believe that the General Assembly should have made a different choice and encouraged assisting federal immigration enforcement, the Sheriffs are not legislators. The Sheriffs' job is to follow and enforce the laws passed by the General Assembly, including laws they dislike. Following the TRUST Act does not force the Sheriffs to violate federal law, because federal law does not and cannot compel state and local law enforcement to honor

9

immigration detainer requests. The Sheriffs' request to have the TRUST Act enjoined and declared invalid thus fails as a matter of law, and the complaint should be dismissed with prejudice.

## II. Rule 12(b)(1) requires dismissal because the Sheriffs lack both standing and an enforceable federal right.

In addition to failing to state a claim under Rule 12(b)(6), the Court can and should dismiss the Sheriffs' complaint under Rule 12(b)(1) for lack of subject matter jurisdiction for two reasons. First, the Sheriffs do not plead a redressable injury to establish constitutional standing. Second, the Sheriffs have pointed to no provision in federal law that gives them a substantive right to relief.

### A. The Sheriffs have no constitutional standing.

The Sheriffs lack constitutional standing to sue. It is the Sheriffs' burden to establish standing by showing that they have suffered (1) an injury in fact, (2) that is fairly traceable to the actions of the defendant, and (3) redressable by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992). The complaint does not allege *any* of these requirements.

#### 1. The Sheriffs have failed to allege an injury in fact.

The Sheriffs lack standing because they have not alleged a particularized injury that adversely affects them in their personal capacities. Their personal belief that the TRUST Act is unlawful is insufficient to create an injury for the purpose of standing.

The Seventh Circuit has "repeatedly held that public officials forced to take what they believe to be illegal actions cannot premise standing on the assertion that they do not want to be complicit in unlawful behavior." *Johnson v. U.S. Office of Pers. Mgmt.*, 783 F.3d 655, 666 (7th Cir. 2015). "Indignation that the law is not being obeyed, sympathy for the victims of that disobedience, a passionate desire to do one's legal duty—none of these emotions, however laudable, sincere, and intense, will support a federal lawsuit." *Cronson v. Clark*, 810 F.2d 662, 664 (7th Cir. 1987) (citation omitted); *see also D'Amico v. Schweiker,* 698 F.2d 903, 905 (7th Cir.

10

1983) (dismissing action by administrative law judges challenging directive that allegedly required them to decide cases in a manner contrary to law); *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 171 F.3d 1083, 1089–90 (7th Cir. 1999) ("An order to do something in one's official capacity does not create the kind of injury that can support" an Article III case or controversy.) (string cite omitted). "Thus, state officials generally lack standing to challenge the constitutionality of state law in federal court where their interests are official as opposed to where their interests are personally adversely affected." *Rauner v. Am. Fed'n of State, Cty., & Mun. Employees*, No. 15 C 1235, 2015 WL 2385698, at *3 (N.D. Ill. May 19, 2015) (holding that the Governor lacked standing to challenge the constitutionality of a state law in federal court) (citation omitted).

The Sheriffs' allegations show nothing more than their belief that state law conflicts with federal law. But that belief does not mean they have personally suffered a particularized injury based on this alleged conflict. For example, in *D'Amico*, 698 F.2d at 906, the court held that administrative law judges' belief that a court rule violated federal law was insufficient to establish standing. Likewise, in *Rauner*, 2015 WL 2385698, at * 3, the court held that the Governor's belief that collection of union fair share dues violated the First Amendment did not confer standing on the Governor. In this case, the Sheriffs point to no sanction they have suffered under state or federal law.[2] In the absence of such allegations, the Sheriffs have not alleged an injury to support standing.

---

[2] The complaint is strikingly devoid of facts, as a general matter. For example, the Sheriffs do not allege that each of the Sheriffs has received detainer requests—ever or since the TRUST Act went into effect in 2017. Nor do they allege whether they have complied with or declined any requests or describe any harm they have allegedly suffered in connection with the compliance with, or noncompliance with, such detainer requests. Additionally, the Sheriffs do not allege whether they are likely to receive or comply with any detainer requests in the future. While those significant pleading deficiencies might be curable by amendment, the Court need not allow such leave for the multiple, incurable reasons described in this motion.

### 2. The Sheriffs cannot create standing by choosing to violate state law.

The Sheriffs also do not allege how any purported harm is caused by the Attorney General or redressable by this Court. Rather, the harm they describe is attributable to their own actions. *See* Compl. ¶¶ 55–59 (describing amorphous "threat of litigation"). The Sheriffs "cannot confer [standing] on themselves . . . by disobeying the [law] and then complaining that their disobedience laid them open to discipline" by the Attorney General. *D'Amico*, 698 F.2d at 906.

The Sheriffs' alleged fear of enforcement of the TRUST Act by the Attorney General is avoidable by the Sheriffs' own actions: they can decline detainer requests (as permitted by federal law) and follow state law. It is well-established that the Sheriffs "cannot allege an injury from one of [multiple] options where they can choose another which causes them no injury." *Johnson*, 783 F.3d at 667–68 (quoting *Fire Equip. Mfrs. Ass'n, Inc. v. Marshall,* 679 F.2d 679, 682 n.5 (7th Cir.1982)). The Attorney General cannot be the cause of the Sheriffs' alleged injury when the Sheriffs can avoid injury by simply following state law. "Such an avoidable injury cannot support standing." *Johnson*, 783 F.3d at 668.

Finally, to the extent the Sheriffs try to show injury by pointing to litigation against them by private plaintiffs, the allegations similarly fail to meet the requirements for constitutional standing. The Sheriffs fail to include allegations showing how such suits harm them personally; they do not assert facts tracing such harm to the Attorney General; and they do not explain how their request for this Court to enjoin the Attorney General from enforcing the TRUST Act would redress their alleged harm of being sued in their official capacities by third-party plaintiffs.

### B. The Sheriffs lack an enforceable federal right.

Even if the Sheriffs have constitutional standing, they nonetheless lack an enforceable federal right. The complaint seeks a declaratory judgment that the TRUST Act is preempted by federal law under the Supremacy Clause (Count II), and an injunction prohibiting the Attorney

General from enforcing the TRUST Act (Count I). Neither of these counts identifies an enforceable federal right that entitles the Sheriffs to sue in federal court. The Declaratory Judgment Act "provides no independent source of federal subject-matter jurisdiction," which means that the Sheriffs must identify another substantive basis in federal law that gives them the right to seek relief in federal court. *Manley v. Law*, 889 F.3d 885, 893 (7th Cir. 2018) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950)). They have not and cannot.

Although the Sheriffs refer to the Supremacy Clause, Compl. ¶¶ 36, 38, 42–43, 48, 53, the Supreme Court has repeatedly held that "the Supremacy Clause is not the 'source of any federal rights'" and "certainly does not create a cause of action." *Armstrong v. Exceptional Child Center, Inc.*, 135 S. Ct. 1378, 1383 (2015) (quoting *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 107 (1989)). The complaint makes passing reference to Congress' constitutional power to "establish a uniform Rule of Naturalization," and to "regulate Commerce with Foreign Nations," as well as the President's authority to "take Care that the Laws be faithfully executed." Compl. ¶ 14. These undeveloped references to the U.S. Constitution do nothing to demonstrate why ***these Sheriffs*** are proper plaintiffs entitled to sue to enforce these provisions. "Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). The Sheriffs point to no provision in federal law giving them a right of action to vindicate Congress's or the President's constitutional authority.

The same is true for the federal statutes and regulations the Sheriffs cite. Although the complaint refers to parts of the Immigration and Nationality Act, the Immigration Reform and Control Act, and related federal regulations, Compl. ¶¶ 16–17, the Sheriffs identify no provision in federal law that gives them a right to sue to enforce these statutes and regulations. *See Sandoval*,

13

532 U.S. at 293 (affirming dismissal based on lack of Congressionally created cause of action to enforce federal regulations).

### III. Alternatively, the Court should dismiss the complaint as non-justiciable.

Even if the Court has jurisdiction, it should dismiss the complaint based on prudential limits on justiciability and its inherent discretion to decline declaratory judgment actions. *See Lexmark Intern., Inc. v. Static Control Components*, 572 U.S. 118, 126 (2014) (describing prudential limitations on justiciability that are separate from Article III standing).

Under well-established prudential limitations on justiciability, federal courts should refrain from adjudicating "abstract questions of wide public significance" that amount to "generalized grievances" more appropriately addressed to the representative branch. *Warth v. Seldin*, 422 U.S. 490, 499–500 (1975). Similarly, a plaintiff "cannot rest his claim to relief on the legal rights or interests of third parties." *Warth*, 422 U.S. at 499; *see also Marin-Garcia v. Holder*, 647 F.3d 666, 670 (7th Cir. 2011). Both of these circumstances apply here. The Sheriffs ask the Court to invalidate a state statute based on their generalized grievance that they want to support federal immigration enforcement. But their concerns with the TRUST Act should be directed to the Illinois General Assembly, not this Court. The complaint also seeks to protect the interests of federal immigration agents, whom the Sheriffs claim are subject to "discrimination" under the TRUST Act. *See* Compl. ¶¶ 48–49. But the Sheriffs are not authorized to bring a suit on behalf of the federal government generally or civil immigration agents in particular.[3]

---

[3] Indeed, it is not even clear whether the Sheriffs are authorized to bring suit on behalf of themselves. Pursuant to 55 ILCS 5/3-9005, the elected State's Attorneys in their counties have the exclusive authority to "commence and prosecute all actions and proceedings brought by any county officer in his official capacity." 55 ILCS 5/3-9005(a)(3). As Intervenor State's Attorney Kenneally states in his motion to intervene, the filing of a "lawsuit by an attorney not authorized under Illinois law to represent [a sheriff] is a naked usurpation of the elected State's Attorney's authority." ECF No. 8 ¶ 8.

In addition to these prudential limitations on justiciability, the Court has discretion to decline jurisdiction in this declaratory judgment action. *Tempco Elec. Heater Corp. v. Omega Engineering, Inc.*, 819 F.2d 746, 747 (7th Cir. 1987) ("It is well settled that the federal courts have discretion to decline to hear a declaratory judgment action, even though it is within their jurisdiction.") There are several reasons why it should.

First, the legal issue on which the Sheriffs seek a declaration (whether the TRUST Act conflicts with federal law) is material to claims in cases pending before other courts in which some of the Sheriffs are parties. *See Rodriguez*, No. 2019-CH-81 (Cir. Ct. Ogle County) (preemption asserted as an affirmative defense); *Castillo*, No. 19-cv-50311, at N.D. Ill. ECF No. 11-1 (preemption alleged as a basis for federal removal and motion to dismiss). Second, Sheriff Snyders has already briefed whether preemption of the TRUST Act is a colorable federal defense, and the issue is pending before another federal judge. *See Castillo*, No. 19-cv-50311, at N.D. Ill. ECF No. 17 (motion to remand). Third, the Sheriffs broadly request this Court to issue a declaration invalidating an entire state statute, all while failing to assert specific allegations of injury. Collectively, these circumstances demonstrate that this action is duplicative, an improper attempt by the Sheriffs to choose a new forum, and an inappropriate case for the Court to exercise jurisdiction.

## CONCLUSION

For these reasons, the Attorney General respectfully requests that the Court dismiss the Sheriffs' complaint with prejudice.

Date: June 18, 2020

Christopher G. Wells
*Chief, Public Interest Division*
Kathryn Hunt Muse
*Deputy Chief, Public Interest Division*
Office of the Illinois Attorney General
100 W. Randolph St.
Chicago, IL 60601
(312) 814-3000
cwells@atg.state.il.us
kmuse@atg.state.il.us

Respectfully submitted,

KWAME RAOUL
*Illinois Attorney General*

By: /s/ *Hannah Jurowicz*

Hannah Y. Jurowicz
*Assistant Attorney General*
hgroschjurowicz@atg.state.il.us