## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

Bill Prim et al,

                Plaintiff,

    v.

Kwame Raoul,

                Defendant.

Case No. 3:20-cv-50094

Honorable Iain D. Johnston

## MEMORANDUM OPINION AND ORDER

This case boils down to a group of Illinois sheriffs' desire to assist federal officers with their immigration enforcement function by cooperating with Immigration and Customs Enforcement detainer requests. To that end, the Sheriffs seek a declaration that the Illinois Trust Act—which prevents such cooperation—is preempted by federal law. But before this Court can adjudicate the case on the merits, it must be assured that it is empowered by the Constitution to hear the case. Because the Court holds that the Sheriffs lack standing, the Court must grant the Illinois Attorney General's motion to dismiss. Still, the Court grants Plaintiffs leave to amend their complaint by February 5, 2021, to sufficiently allege standing. If Plaintiffs decline to amend their complaint by that date, the case will be dismissed with prejudice.

## I. Discussion

Because the Illinois Attorney General made a facial, rather than factual, challenge to jurisdiction, the Court must "accept as true the pleaded factual matter

1

and draw all reasonable inferences in favor" of the Plaintiffs. *Democratic Party of Wis. v. Vos*, 966 F.3d 581, 585 (7th Cir. 2020). Plaintiffs must allege sufficient facts to establish that they have suffered an injury in fact that is fairly traceable to Defendant's action. Furthermore, that injury must be redressable by a favorable outcome in this litigation. *Lujan v. Def. of Wildlife*, 504 U.S. 555, 560–61 (1992).

**A. Injury in Fact**

At issue is whether Plaintiffs can satisfy the first prong of the test—whether they have suffered an injury in fact. This requires the Plaintiffs to show that they have suffered "an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). Furthermore, state officials challenging the constitutionality of a state law must show that they have been injured "in a personal and individual way." *Rauner v. AFSCME*, No. 15 C. 1235, 2015 U.S. Dist. LEXIS 65085, at *11–12 (N.D. Ill. May 19, 2015) (citing *Lujan*, 504 U.S. at 560 n.1) (explaining that "state officials generally lack standing to challenge the constitutionality of state law in federal court where their interests are official as opposed to" personal).

Defendant contends that Plaintiffs have not suffered "a particularized injury that adversely affects them in their personal capacities." Dkt. 19, at 12. In response, Plaintiffs argue that the Illinois Trust Act creates conflicting duties. On the one hand, they can choose to violate that state law by complying with ICE detainer requests. Alternatively, they can—as they see it—violate the U.S. Constitution and

federal statutory law by declining ICE detainer requests in compliance with state law. Essentially, Plaintiffs argue that the Illinois Trust Act is preempted by federal law and the Supremacy Clause, and that following such a law would violate their oath of office to uphold the Constitution and would subject them to litigation. As their brief acknowledges, the claim amounts to a pre-enforcement challenge to the Illinois Trust Act. Dkt. 27, at 11–13. But this challenge presents multiple standing issues.

A plaintiff is not required to wait for their arrest before challenging the constitutionality of a law. *ACLU v. Alvarez*, 679 F.3d 583, 590–91 (7th Cir. 2012). In a pre-enforcement action, a plaintiff satisfies the injury-in-fact requirement of Article III standing by showing "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute," and that the plaintiff is under "a credible threat of prosecution." *Id.* (quoting *Babbitt v. Unite Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)). Furthermore, the existence of the challenged statute "implies a threat to prosecute" such that plaintiff's assertion of future harm is not speculative. *Id.* (quoting *Bauer v. Shepard*, 620 F.3d 704, 708 (7th Cir. 2010)).

No one contests that Plaintiffs intend to engage in conduct proscribed by statute. The whole point of this action is that Plaintiffs wish to cooperate with ICE detainer requests—and indeed have cooperated with such requests[1]—and that such

---

[1] In fact, Sheriff Snyders is currently the defendant in a case before the undersigned Judge in which he admittedly cooperated with an ICE detainer request. *Castillo v. Snyders*, No. 3:19-cv-50311, 2020 U.S. Dist. LEXIS 199697 (N.D. Ill. Oct. 27, 2020). Still, the complaint is slim on details about Plaintiffs' receiving such detainer requests or that they acted on them.

conduct is proscribed by the Illinois Trust Act. The point of contention, therefore, is whether such action involves a constitutional interest and whether Plaintiffs are under a credible threat of prosecution, such that the injury satisfies the imminence and concreteness requirements of Articles III.

### B. Constitutional Interest

The first question the Court must answer is whether Plaintiffs have alleged "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute." *ACLU v. Alvarez*, 679 F.3d 583, 590–91 (7th Cir. 2012). The object of this litigation is the Illinois Trust Act, which prevents Plaintiffs from cooperating with an ICE detainer request, as Plaintiffs wish. Thus, Plaintiffs have alleged that they are proscribed from engaging in a course of conduct that they want to engage in. But is that course of conduct "arguably affected with a constitutional interest"?

The pre-enforcement standing case law in this circuit and others largely invokes First and Second Amendment interests. Those cases clearly and directly invoke constitutional interests. Here, the Illinois Trust Act prevents the Plaintiffs from using their positions as county sheriffs to cooperate with federal immigration enforcement officers to detain suspected undocumented persons. Although a person's constitutional rights are clear in the First and Second Amendment cases, Plaintiffs invoked constitutional rights are less clear in this case. They point to their oaths of office to uphold the Constitution of the United States and to follow federal law and to their potential for adverse litigation. But they fail to cite any pre-

enforcement standing cases that so liberally interpret the constitutional interest requirement.

First, Plaintiffs do not cite any cases for the proposition that upholding an oath of office is the kind of "constitution interest" contemplated by pre-enforcement standing law. They instead cite to *Bd. of Educ. v. Allen*, 392 U.S. 236, 241 (1968) for the proposition that certain state officials have standing to challenge state statutes.[2] There, the statute at issue required school districts to purchase and loan textbooks to students. The plaintiffs sued because they believed the state law to be unconstitutional and believed that following that law would require them to violate their oath to uphold the U.S. Constitution. Dkt. 27, at 11. But the Appellees in *Allen* did not challenge standing. The Court did, however, note in a footnote that the plaintiffs undoubtedly had standing because they were put in a position to either violate their oath of office or violate the law, which would subject them to expulsion from office and a reduction of funds for their department. *Allen* 392 U.S. at 241 n.5. Here, Plaintiffs have not alleged any facts showing that—like the *Allen* plaintiffs— they are subject to expulsion from office or any other similar disciplinary action. Thus, the plaintiffs in *Allen* alleged a greater harm than Plaintiffs allege here.

Second, Plaintiffs' argument is based on a false premise. Plaintiffs assume that ICE detainer requests are compulsory. But because ICE detainer requests are not compulsory, there is no statutory law for Plaintiffs to violate.

---

[2] For purposes of this discussion, the Court sets aside the issue as to whether *Allen* remains good law. *See D'Amico v. Schwiker*, 698 F.2d 903, 906 (7th Cir. 1983) (stating that *Allen* does not withstand subsequent standing decisions by the Supreme Court).

The Code of Federal Regulations explicitly provides that ICE detainers are not compulsory. "The detainer is a request that such agency advise the Department, prior to release of the alien; in order for the Department to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible." 8 C.F.R. § 287.7(a). This language is not ambiguous. The plain text removes all doubt that ICE detainer forms issue a request to local officials and not a compulsory duty. Furthermore, federal courts have been clear on this point. They have repeatedly held that ICE detainers are requests and the *Villars* court noted that a compulsory ICE detainer would offend the anticommandeering requirements of the Tenth Amendment. *E.g.*, *Villars v. Kubiatowski*, 45 F. Supp. 3d 791, 802 (N.D. Ill. 2014) (collecting cases). Because ICE detainer requests are not compulsory, Plaintiffs do not violate federal law by complying with the Illinois Trust Act. So, even if violating their oath of office were enough to confer standing, the argument would still fail because they have not violated their oath of office by complying with state law.

### C. Credible Threat of Prosecution

Even if Plaintiffs amend their complaint to properly allege a constitutional interest, they must allege facts to show that they are under a credible threat of prosecution. The standard pre-enforcement standing language noted above uses the words "arrest" and "prosecution." This implies that pre-enforcement challenges apply to threats of criminal prosecution. Neither party has included argumentation in their briefs regarding whether pre-enforcement challenges in non-criminal

contexts must meet a different standard or whether such threats of civil litigation are sufficient at all. Although this precise issue was not raised in the parties' briefing, because it is a jurisdictional issue, the Court has a duty to raise it *sua sponte*. *See Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998).

The Seventh Circuit applied pre-enforcement standing in a Chicago city ordinance in which plaintiffs were challenging the City's decision to ban firing ranges within city limits. *Ezell v. City of Chicago*, 651 F.3d 684, 695–96 (7th Cir. 2011). But in *Ezell*, the Seventh Circuit did not contemplate the question of whether civil enforcement is sufficient to satisfy the "credible threat of prosecution" standard. Thus, *Ezell* does not bind this Court on that point. *United States v. L. A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952) ("Even as to our own judicial power or jurisdiction, this Court has followed the lead of Mr. Chief Justice Marshall who held that this Court is not bound by a prior exercise of jurisdiction in a case where it was not questioned and it was passed *sub silentio*."); *see also Maryland Ins. Co. v. Attorneys' Liability Assurance Soc., Ltd.*, 748 F. Supp. 627, 631 (N.D. Ill. 1990) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119 (1984) ("[When] questions of jurisdiction have been passed on in prior decisions *sub silentio*, this Court has never considered itself bound when a subsequent case finally brings the jurisdictional issue before us.")). For now, the Court recognizes that this could be an issue but rests its decision on other grounds.[3]

---

[3] If Plaintiffs are able to amend the complaint to satisfy the other standing defects, the Court may bring this potential issue into the forefront to further assure itself that it possesses the constitutional authority to hear the case.

Even if pre-enforcement challenges can be brought when Plaintiffs are threatened only with civil and not criminal action, the Illinois Trust Act itself does not subject Plaintiffs to injury. They claim to be subject to suit under the Illinois Trust Act, but nothing in the text of the statute explicitly provides for civil or criminal penalties for officials acting contrary to the Act. Instead, it provides for immunity to those officials acting in good faith under the Act. 5 Ill. Comp. Stat. 805/15.

Plaintiffs allege that two of them have endured civil actions that arose from their prolonged detention of undocumented persons in violation of the Illinois Trust Act. Dkt. 1, ¶¶ 56–57. Furthermore, they allege that the Attorney General of the United States has filed actions against states for limiting local law enforcement's ability to cooperate with federal immigration officers. *Id*. ¶¶ 59–60. But these allegations are not sufficient.

First, past harms are not necessarily an indication of future harms.[4] Plaintiffs have not sufficiently shown that they will continue to be subject to litigation in the future. They have not alleged that they will continue to receive ICE detainer requests, or when. At this point, Plaintiffs can only speculate that they will detain undocumented persons in the future and that they would be asked to detain

---

[4] *See City of L.A. v. Lyons*, 461 U.S. 95 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 493–96 (1974) ("'[W]e observed that [past] exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.' Past wrongs [are] evidence bearing on 'whether there is a real and immediate threat of repeated injury.' But the prospect of future injury rest[s] 'on the likelihood that [plaintiffs] will again be arrested for and charged with violations of the criminal law and will again be subjected to bond proceedings, trial, or sentencing before petitioners.'").

such persons. Furthermore, any litigation by the Attorney General of the United States to challenge laws like the Illinois Trust Act would likely not name the Plaintiffs directly as defendants. Instead, the proper defendant in that action would be the Illinois Attorney General, not the 102 sheriffs in Illinois. *See, e.g.*, Dep't of Justice, *Department of Justice Files Suit to Enjoin Two Aspects of New Jersey Attorney General Law Enforcement Directive on Immigration*, Justice.gov (Feb. 10, 2020), https://www.justice.gov/usao-nj/pr/department-justice-files-suit-enjoin-two-aspects-new-jersey-attorney-general-law-0.

Second, the threat of litigation must be against Plaintiffs in their personal capacity, and not merely their official capacity. *Rauner v. AFSCME*, 2015 U.S. Dist. LEXIS 65085, at *11–12 (citing *Lujan*, 504 U.S. at 560 n.1); *see also City of L.A. v. Lyons*, 461 U.S. 95, 101 (1983) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)) (Plaintiffs must demonstrate a 'personal stake in the outcome' in order to 'assure that concrete adverseness which sharpens the presentation of issues' necessary for the proper resolution of constitutional question."). But Plaintiffs have not included allegations in their complaint that lay out how any such litigation affects them personally. Does the litigation against them cost them money directly, or are those costs paid by the government? Does it subject them to expulsion from office, or are fines levied against them personally—as opposed to fines paid by their office? The complaint is void of any such allegations.

## II. Conclusion

Article III standing law is founded, in part, on federalism, at least the prudential component of the doctrine. *Lyons*, 461 U.S. at 112; *Juvenile Matters Trial Lawyers Ass'n. v. Judicial Dep't.*, 363 F. Supp. 2d 239, 243-44 (D. Conn. 2005). To be sure, if the Court has jurisdiction, it will address the merits of a case. But the Court must be ever vigilant in the face of such important principles to ensure that the right plaintiffs challenge the law. Because Plaintiffs have not assured the Court that they meet the requirements of Article III, this Court must grant Defendant's motion to dismiss [18]. But the Court dismisses the case without prejudice. *Morrison v. YTB Int'l.*, 649 F.3d 533, 535 (7th Cir. 2011). Plaintiffs have until February 16, 2021, to amend the complaint and sufficiently allege standing. Counsel is reminded that such filing must meet the requirements of Federal Rule of Civil Procedure 11.

Date:  January 21, 2021

_____
Honorable Iain D. Johnston
United States District Judge
Northern District of Illinois
Western Division